IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2074-D

JOSE GREGORIO HERNANDEZ,  )
  )
                Petitioner,  )
  )
v.  )        **ORDER**
  )
WARDEN FCI BUTNER LOW,  )
  )
                Respondent.  )

On April 1, 2025, Jose Gregorio Hernandez ("Hernandez" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Hernandez argues that the Bureau of Prisons ("BOP") improperly removed his First Step Act earned time credits even though Hernandez "does not have a final deportation order issued by a federal immigration judge." [D.E. 1] 2–3, 8; see [D.E. 1-1] 1–8. On May 9, 2025, the court conducted a preliminary review under 28 U.S.C. § 2243 and allowed Hernandez's petition to proceed. See [D.E. 3].

On June 25, 2025, respondent moved to dismiss the petition [D.E. 8], filed a memorandum in support [D.E. 9], and submitted a statement of material facts [D.E. 10] with exhibits [D.E. 11].[1]

---

[1] Respondent cites Federal Rule of Civil Procedure 12(b)(6) in support of his motion to dismiss, and in the alternative, Federal Rule of Civil Procedure 56 in support of summary judgment. See [D.E. 8]. Hernandez admits that he did not exhaust administrative remedies before filing the petition. See [D.E. 1-1] 9. Thus, the court assumes without deciding that Rule 12(b)(6) provides the proper framework. Cf. Barragan v. Knight, No. CV 0:21-308, 2021 WL 2550498, at *1–2 (D.S.C. June 22, 2021) (unpublished), report and recommendation adopted as modified by 2021 WL 5086257 (D.S.C. Nov. 2, 2021) (unpublished); Wise v. Warden, FCI McDowell, No. 1:20-CV-59, 2020 WL 6371136, at *8 (S.D. W. Va. July 10, 2020) (unpublished), report and

The same day, the court notified Hernandez of the motion, the consequences of failing to respond, and the response deadline [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 21, 2025, Hernandez responded in opposition [D.E. 13]. As explained below, the court dismisses Hernandez's petition.

Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A prisoner challenging the execution of his sentence generally must exhaust administrative remedies before seeking habeas relief in federal court. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010); Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished). The BOP has a four-step administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). The final step is an appeal "to the Central Office of the BOP using a BP-11 form." Hill, 380 F. App'x at 269 n.1; see 28 C.F.R. § 542.15(a).

Hernandez did not present the claims in his petition through the BOP's administrative remedy process. See [D.E. 1] 3–4; [D.E. 1-1] 1–2; [D.E. 13] 3–5. Hernandez contends that he is

---

recommendation adopted, 2020 WL 6370723 (S.D. W. Va. Oct. 29, 2020) (unpublished); Dowd v. Smith, No. 5:18-HC-2084, 2018 WL 6492951, at *2 (E.D.N.C. Dec. 10, 2018) (unpublished).

2

excused from the exhaustion requirement as "a deportable alien with a valid immigration detainer" and that the exhaustion process "would be prejudicial and futile as Petitioner has been incarcerated beyond his sentence." See [D.E. 1] 3–4; [D.E. 1-1] 1–2.

Hernandez fails to plausibly allege an adequate excuse for his failure to exhaust. See, e.g., Zamora Miranda v. Joseph, No. 9:24-01278, 2024 WL 3522176, at *3 (D.S.C. June 20, 2024) (unpublished), report and recommendation adopted, 2024 WL 3520912 (D.S.C. July 23, 2024) (unpublished); Lozada v. Rich, No. 5:24-HC-2171, 2024 WL 4778031, at *2 (E.D.N.C. Nov. 12, 2024) (unpublished); Valencia v. Holzapfel, No. 5:23-HC-2116, 2024 WL 923200, at *1–2 (E.D.N.C. Mar. 4, 2024) (unpublished). Accordingly, the court grants respondent's motion to dismiss.

After reviewing Hernandez's petition, the court finds that reasonable jurists would not find the court's treatment of Hernandez's petition debatable or wrong and that the petition does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

In sum, the court GRANTS respondent's motion to dismiss [D.E. 8], and DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _3_ day of December, 2025.

JAMES C. DEVER III
United States District Judge